## STATE ex UIBLE v HARLAN, Auditor

Ohio Appeals, 1st Dist, Butler Co
No 462.   Decided May 12, 1930

P. P.  Boli, Hamilton, for State ex.
Benjamin F. Primmer, Hamilton, for Harlan.

## ROSS, J.

The facts presented by this case are of such nature as to appeal strongly to a sense of justice. It is manifest that all the parties involved proceeded under the assumption that the contract was upon a unit price basis, and that this conception continued until the Auditor insisted upon a strict application of the provisions of **6945 GC.**

The County received full value for the excess material, the value of which is now sought to be secured by the relator through the process of mandamus. The contract itself uses language clearly indicating that unit prices were contemplated as a basis for estimates at least.

The previous section in the contract quoted hereinbefore under the well known rules of construction must be determined to have been modified by the latter section quoted, which contemplated unit prices. Certainly an ambiguity existed which common justice should resolve in favor of the contractor under the circumstances outlined above.

The statute permits the commissioners to "order" the contract let upon either a lump sum bid or unit price bid. The resolution of the commissioners shows no reference to either lump sum or unit price except that a lump sum of $33,000 is mentioned in the resolution, it being obviously necessary to have some figure approximately the cost of the improvement.

It would seem strange that when all the county officers openly admit the mutual understanding that the contract was to be let upon a unit price basis, and there being not the slightest question but that the County received full value for the excess amount requested, and there being not the slightest hint of fraud in the whole transaction, that the county should not in all justice pay for what it received, and be permitted to take advantage of an ultra-technical construction of **6945 GC.** We can not conceive that the legislature intended any such result in enacting this provision. However, the act of the legislature in 1929, quoted hereinbefore, furnishes ample authority for the supplementary proceedings of the commissioners in doing justice to the relator. We consider the case of **Spitzig v. State, 119 Ohio St., 117,** controlling on all the objections urged by the respondent as against this legislation. Such being the case, the judgment of the court of common pleas will be reversed, and there being no dispute as to the facts involved in the case, the cause will be remanded to the court of common pleas of Butler County, with instructions to grant the writ of mandamus, as prayed for.

Cushing, PJ, and Hamilton, J, concur.